UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony Carpenito

    v.   Civil No. 09-cv-59-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections et al.

Anthony Carpenito

    v.   Civil No. 12-cv-96-JL

Brandon Westgate et al.

## REPORT AND RECOMMENDATION

Anthony Carpenito has filed two separate actions in this court, Carpenito v. Wrenn, 09-cv-59-JL ("Carpenito I") and Carpenito v. Westgate, 12-cv-96-JL ("Carpenito II"). The claims and defendants identified in each of the two suits are essentially identical, and the cases are based on the same underlying facts.

Carpenito I was filed in 2009, and dismissed without prejudice on March 11, 2011. See Judgment (Carpenito I, doc. no. 49). On March 13, 2012, Carpenito filed a motion to reopen Carpenito I. See Motion to Reopen (Carpenito I, doc. no. 51). Defendants have objected to the Motion to Reopen. See Objection to Motion to Reopen (Carpenito I, doc. no. 52).

On March 11, 2012, Carpenito filed the complaint in Carpenito II. See Complaint (Carpenito II, doc. no. 1). Defendants have moved to dismiss the complaint in Carpenito II. See Motion to Dismiss (Carpenito II, doc. no. 5). Plaintiff objects to that motion. See Objection to Motion to Dismiss (Carpenito II, doc. no. 7).

The motion to reopen filed in Carpenito I (Carpenito I, doc. no. 51) and the motion to dismiss filed in Carpenito II (Carpenito II, doc. no. 5) have both been referred to this magistrate judge for a report and recommendation. See Endorsed Order (Carpenito I, March 27, 2012); Order (Carpenito II, doc. no. 9). For the reasons explained herein, the court recommends that both motions be denied, allowing Carpenito II to proceed and Carpenito I to remain closed.

**Standards of Review**

I.  Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 40 (1st Cir. 2011) (internal quotation marks and citation omitted).

II. Motion to Reopen

Although the motion to reopen Carpenito I does not explicitly so assert, the court construes it as a motion seeking relief from a judgment, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which permits the court to relieve a party of a final judgment for "any . . . reason that justifies relief." See Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005). The First Circuit has held that a Rule 60(b)(6) motion should be granted only in exceptional circumstances. United States v. One Rural Lot No. 11, 93 F. App'x 241, 244 (1st Cir. 2004).

**Procedural Background**

In 2009, plaintiff filed Carpenito I, a civil rights action asserting claims against a number of state prison officials. On March 10, 2011, Carpenito filed a notice (Carpenito I, doc. no. 48) conceding that he had failed to exhaust his administrative remedies and advising the court that he did not object to the defendants' motion for summary judgment, to the extent it sought

dismissal based on the failure to exhaust. Carpenito requested that the matter be dismissed without prejudice. The defendants did not object. On March 11, 2011, the court granted the motion for summary judgment and dismissed Carpenito I without prejudice, as requested by plaintiff. See Judgment (Carpenito I, doc. no. 49). No appeal was taken by either party.

On March 11, 2012, plaintiff filed a new action, Carpenito II, which is essentially identical to Carpenito I. On March 13, 2012, plaintiff also moved to reopen Carpenito I. The defendants have moved to dismiss Carpenito II, and have objected to the reopening of Carpenito I, on the basis that plaintiff, who was released from incarceration prior to March 11, 2012, had still not exhausted his administrative remedies, and that his release from incarceration should not excuse him from the exhaustion requirement contained in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. In opposition to the motion to dismiss Carpenito II, and in support of the motion to reopen Carpenito I, plaintiff argues that his release from incarceration prior to March 11, 2012, rendered the PLRA's exhaustion requirement, to which he was subject while he was incarcerated, inapplicable to him, as he was not a prisoner at the time those documents were filed.

**Discussion**[2]

The question for the court to answer, in resolving both the motion to reopen Carpenito I and the motion to dismiss Carpenito II, is whether the PLRA, which requires prisoners' lawsuits to be administratively exhausted prior to being brought in the District Court, applies to actions that complain of events that occurred during plaintiff's incarceration, but that are not brought until after the plaintiff has been released.  Section 1997e(a) of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(h) of the PLRA defines a "prisoner" as:

> [A]ny person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Although the First Circuit has not directly addressed the question before the court, all of the United States Circuit

---

[2] In considering the motion to dismiss, the court has considered documents filed in Carpenito I.  These documents, while outside the pleadings in Carpenito II, are properly considered in a motion to dismiss, without the need to convert the motion to one for summary judgment, as they are incorporated by reference in the complaint and are matters of public record. See Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008).

5

Courts of Appeals to consider it have ruled that under the plain language of the statute, the PLRA's exhaustion requirement applies only to plaintiffs who are incarcerated at the time an action is actually commenced by the filing of a complaint.  See e.g., Talamantes v. Leyva, 575 F.3d 1021, 1023 (9th Cir. 2009) (PLRA exhaustion requirement does not apply where plaintiff brings action after release from custody); George v. Chronister, 319 F. App'x 134, 137 (3d Cir. 2009) (same); Cofield v. Bowser, 247 F. App'x 413, 414 (4th Cir. 2007) (same); Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005) (same); Truly v. Sheahan, 135 F. App'x 869, 870 (7th Cir. 2005) ("[w]hether a plaintiff is a prisoner subject to this requirement depends on his status at the time he brought the suit"); Nerness v. Johnson, 401 F.3d 874, 875 (8th Cir. 2005) (same); Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2004) (same); Troville v. Venz, 303 F.3d 1256, 1260 n.4 (11th Cir. 2002) (same) (citing Harris v. Garner, 216 F.3d 970, 974-75 (11th Cir. 2000) (en banc)).  In another case filed in this district, Judge DiClerico has stated that the PLRA "applies only to prisoners who initiate a lawsuit while incarcerated, not to plaintiffs who were formerly imprisoned,"  Kiman v. N.H. Dep't of Corrs., No. 01-cv-134-JD, 2007 WL 2247843, at *9 (D.N.H. Aug. 1, 2007) (citing James v. Hernandez, 215 F.3d 541, 543 (5th Cir. 2000), and Greig v.

Goord, 169 F.3d 165, 167 (2d Cir. 1999)), and there is no reason to conclude that the First Circuit would find otherwise. Cf. Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 34-35 (1st Cir. 2002) (inmate transferred from one institution to another was not excused from exhaustion requirement by virtue of his transfer, distinguishing cases involving suits filed by former prisoners).

    The court acknowledges that the circumstances of this case are peculiar: Carpenito has filed a timely suit, raising claims that were dismissed for nonexhaustion in a previous suit, without having had to exhaust the claims prior to bringing the new action. However, at the time Carpenito filed the previous suit, Carpenito was incarcerated, and thus the PLRA required exhaustion of the claims in that action. Carpenito filed the new action as a nonprisoner, and, as such, the plain language of the PLRA does not require exhaustion of the claims in the new action. As explained by Judge Reed of the District Court for the District of Nevada in a case presaging the Ninth Circuit's decision in Talamantes: "Although there are good policy reasons, outlined in [other cases], for requiring former prisoners to exhaust under the PLRA, we are compelled by the plain language of the statute . . . ." Kritenbrink v. Crawford, 313 F. Supp. 2d 1043, 1048 (D. Nev. 2004). See also Talamantes,

7

575 F.3d at 1023 ("Although many policies support the PLRA's exhaustion requirement with respect to the currently imprisoned, general policies – even if they could be applied to former prisoners – do not trump the plain language of the statute."); see also Norton, 432 F.3d at 1150-51 ("Distinguishing between current and former prisoners 'is compatible with the purpose of the PLRA. Prisoners often have an abundance of time, while facing a restricted number of enjoyable activities with which to pass the time other than filing suits,'" and the need for special precautions against frivolous suits diminishes following an inmate's release) (quoting Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004)).

Acknowledging that their position is against the weight of authority, the defendants urge the court to follow three decisions issued by federal district courts in the Ninth and Seventh Circuits. Those decisions, however, have been effectively repudiated, in that the Ninth and Seventh Circuits have ruled, since those decisions were issued, that the PLRA is inapplicable to cases filed by former prisoners. See, e.g., Talamantes, 575 F.3d at 1023; Truly, 135 F. App'x at 870.

This court finds persuasive the interpretation of the PLRA adopted by all of the federal appeals courts to confront the issue, that the exhaustion requirement applies to plaintiffs who

are prisoners at the time the suit is filed. Accordingly, the motion to dismiss filed in Carpenito II (Carpenito II, doc. no. 5) should be denied as the complaint in that action was not filed until after Carpenito was released from incarceration. The motion to reopen filed in Carpenito I (Carpenito I, doc. no. 51), should also be denied because, even if reopened, the initial complaint in that case was filed while Carpenito was a prisoner, and thus the exhaustion requirement still stands in that action.[3] See Truly, 135 F. App'x at 871. Further, with Carpenito II properly before the court, Carpenito I, if reopened, would be duplicative of Carpenito II, and subject to dismissal on that basis.

## Conclusion

For the foregoing reasons, the court recommends that both the motion to reopen filed in Carpenito I (09-cv-59-JL, doc. no. 51), and the motion to dismiss filed in Carpenito II (12-cv-96-JL, doc. no. 5) be denied. Any objections to this report and

---

[3]The court declines to consider the defendants' unusual argument that the court should alter its March 11, 2011, order of dismissal "without prejudice" in Carpenito I by converting the dismissal to one "with prejudice." The defendants neither sought a dismissal with prejudice nor objected to the dismissal without prejudice at the time Carpenito I was dismissed. There is no basis for allowing the defendants to do now that which, with the benefit of hindsight, they wish they had done at the appropriate time.

recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                 _____
                                                 Landya McCafferty
                                                 United States Magistrate Judge

October 23, 2012

cc:  Michael Sheehan, Esq.
     Nancy Smith, Esq.

LBM:jba